IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DAVID D. FOREMAN, : 
: 
        Petitioner, :
:
   v. : Civil Action No. 21-957-RGA
:
ROBERT MAY, Warden, and :
ATTORNEY GENERAL OF THE :
STATE OF DELAWARE, :
:
        Respondents. :

---

## MEMORANDUM OPINION

David D. Foreman. *Pro se* Petitioner.

Kathryn J. Garrison, Deputy Attorney General of the Delaware Department of Justice, Wilmington, Delaware. Attorney for Respondents.

January 23, 2023
Wilmington, Delaware

ANDREWS, UNITED STATES DISTRICT JUDGE:

Petitioner David D. Foreman is an inmate in custody at the James T. Vaughn Correctional Center in Smyrna, Delaware. Petitioner filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Petition"). (D.I. 3) The State filed a Motion for Leave to File a Motion to Dismiss (D.I. 10), which the Court granted after Petitioner did not file a response in opposition (D.I. 15). For the reasons discussed, the Court will grant the State's Motion to Dismiss (D.I. 16), and dismiss the Petition as barred by the limitations period prescribed in 28 U.S.C. § 2244.

I. BACKGROUND

> [Petitioner], armed with a firearm, broke into a home late at night. He was accompanied by two other co-defendants. Inside the home, the victims were asleep. They were awakened and the husband was struck with an object as he and one of the defendants struggled. With a gun being held on the victims, one of the three intruders began sexually assaulting the wife. Also in the bedroom were the other two intruders as well as the husband, who was being held at gunpoint. The husband then was ordered out of the bedroom while the sexual assault continued for another 15 minutes. During this time threats to kill were made. The house was ransacked and property was stolen. A stolen cell phone ultimately led the police to the three defendants.

*State v. Foreman*, 2013 WL 12376933, at *1 (Del. Super. Ct. Dec. 16, 2013).

In May 2011, a Delaware Superior Court jury found Petitioner guilty of one count of first degree rape, two counts of first degree robbery, one count of second degree assault, four counts of possession of a firearm during the commission of a felony, and three counts of possession of a deadly weapon—a hammer—during the commission of a felony. *See id.*; (D.I. 11-1 at Entry No. 31; D.I. 11-4 at 309-313) The Superior Court sentenced Petitioner to an aggregate 113 years at Level V, suspended after 45 years and successful completion of the Family Problems program for decreasing levels of supervision. (D.I. 11-2 at 21-28) Petitioner appealed, and the Delaware

Supreme Court affirmed his convictions on July 11, 2012. *See Foreman v. State*, 47 A.3d 971 (Table), 2012 WL 2857752, at *3 (Del. July 11, 2012).

On June 21, 2013, Petitioner filed in the Superior Court a motion for postconviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). (D.I. 11-1 at Entry No. 71) The Superior Court denied the Rule 61 motion on December 16, 2013, and the Delaware Supreme Court affirmed that decision on June 4, 2014. *See Foreman*, 2013 WL 12376933, at *1-2; *Foreman v. State*, 93 A.3d 653 (Table), 2014 WL 2565693, at *1 (Del. June 4, 2014).

On June 19, 2015, Petitioner filed a second Rule 61 motion, which the Superior Court denied on June 25, 2015. (D.I. 11-1 at Entry Nos. 85, 86); *see State v. Foreman*, 2015 WL 13762638, at * 1 (Del. Super. Ct. June 25, 2015). Petitioner did not appeal that decision.

On July 3, 2015, Petitioner filed in this Court a motion for an extension of time to file a § 2254 petition. (*See* D.I. 1 in *Foreman v. State*, Civ. A. No. 15-585-RGA) The Court dismissed the case for lack of subject matter jurisdiction on October 7, 2015. (*See* D.I. 3 & 4 in *Foreman v. State*, Civ. A. No. 15-585-RGA).

Petitioner filed in the Superior Court a third Rule 61 motion on September 24, 2018, which the Superior Court dismissed on November 15, 2018. (D.I. 11-20 at 3) The Delaware Supreme Court affirmed the Superior Court's judgment on April 30, 2019. *See Foreman v. State*, 210 A.3d 687 (Table), 2019 WL 1941482, at *1 (Del. Apr. 30, 2019).

On February 6, 2020, Petitioner filed a fourth Rule 61 motion. (D.I. 11-1 at Entry No. 101) The Superior Court denied that Rule 61 motion on March 4, 2020, and the Delaware Supreme Court affirmed that decision on June 12, 2020. (D.I. 11-1 at 102); *State v. Foreman*,

2020 WL 1069464, at *1 (Del. Super. Ct. Mar. 4, 2020); *State v. Foreman*, 234 A.3d 1161 (Table), 2020 WL 3171374, at *1 (Del. June 12, 2020).

On March 8, 2021, Petitioner filed in the Superior Court a motion for review of sentence, which the Superior Court denied on March 25, 2021. (D.I. 11-1 at Entry Nos. 110, 111)

On March 2, 2021, Petitioner placed an application for leave to file a second or successive petition, along with a copy of his Petition, in the prison mail system to be filed in the Third Circuit Court of Appeals. (D.I. 3-2) The Third Circuit denied the application as unnecessary on June 20, 2021, because Petitioner's prior filing in the District Court had not been treated as a § 2254 petition. (D.I. 3-3) That same day, the Third Circuit transferred the Petition to this Court. (D.I. 3-3 at 2)

The instant Petition asserts the following three grounds for relief: (1) the trial court's jury instructions on accomplice liability violated Petitioner's due process rights because it was not first established that Petitioner engaged in the sexual assault of the victim; (2) trial and appellate counsel entirely failed to subject the prosecution's case to meaningful adversarial testing in violation of *United States v. Cronic*, 466 U.S. 648, 658 (1984); and (3) there was insufficient evidence to support his conviction for first degree robbery. (D.I. 3-1)

The State's Motion to Dismiss is ready for review.

## II.    ONE YEAR STATUTE OF LIMITATIONS

AEDPA prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

3

>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). AEDPA's limitations period is subject to statutory and equitable tolling. *See Holland v. Florida*, 560 U.S. 631 (2010) (equitable tolling); 28 U.S.C. § 2244(d)(2) (statutory tolling). A petitioner may also be excused from failing to comply with the limitations period by making a gateway showing of actual innocence. *See Wallace v. Mahanoy*, 2 F.4th 133, 151 (3d Cir. 2021) (actual innocence exception).

Petitioner does not assert, and the Court cannot see, any facts triggering the application of § 2244(d)(1)(B),(C), or (D). Therefore, the one-year period of limitations began to run when Petitioner's conviction became final under § 2244(d)(1)(A). Pursuant to § 2244(d)(1)(A), if a state prisoner appeals a state court judgment but does not seek certiorari review, the judgment of conviction becomes final, and the statute of limitations begins to run, upon expiration of the ninety-day time period allowed for seeking certiorari review. *See Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999); *Kapral v. United States*, 166 F.3d 565, 575, 578 (3d Cir. 1999). Here, Petitioner's judgment of conviction became final on October 10, 2012, ninety days after the Delaware Supreme Court's July 11, 2012 decision affirming his convictions. Applying the one-year limitations period to that date, Petitioner had until October 10, 2013, to timely file a habeas

petition. *See Wilson v. Beard*, 426 F.3d 653, 662-64 (3d Cir. 2005) (Fed. R. Civ. P. 6(a) applies to AEDPA's limitations period); *Phlipot v. Johnson*, 2015 WL 1906127, at *3 n. 3 (D. Del. Apr. 27, 2015) (AEDPA's one-year limitations period is calculated according to the anniversary method, *i.e.*, the limitations period expires on the anniversary of the date it began to run). Petitioner, however, did not file the instant Petition until March 2, 2021,[1] approximately seven years and six months after that deadline. Thus, the Petition is time-barred and should be dismissed, unless the limitations period can be statutorily or equitably tolled, or Petitioner demonstrates a convincing claim of actual innocence excusing his untimely filing. The Court will discuss each doctrine in turn.

### A. Statutory Tolling

Pursuant to § 2244(d)(2), a properly filed state post-conviction motion tolls AEDPA's limitations period during the time the motion is pending in the state courts, including any post-conviction appeals, provided that the motion was filed and pending before the expiration of AEDPA's limitations period. *See Swartz v. Meyers*, 204 F.3d 417, 420-24 (3d Cir. 2000). The limitations period is also tolled for the time during which an appeal from a post-conviction decision could be filed even if the appeal is not eventually filed. *Id.* at 424. The limitations period, however, is not tolled during the ninety days a petitioner has to file a petition for a writ of

---

[1] Pursuant to the prison mailbox rule, a *pro se* prisoner's habeas petition is deemed filed on the date he delivers it to prison officials for mailing. *See Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir. 2003) (the date on which a prisoner transmitted documents to prison authorities for mailing is to be considered the actual filing date). Here, the envelope for the Petition and application for leave to file a second and successive petition that Petitioner mailed to the Third Circuit is postmarked March 2, 2021. (D.I. 3-1 at 13) Consequently, the Court adopts March 2, 2021 as the date of filing.

certiorari in the United States Supreme Court regarding a judgment denying a state post-conviction motion. *See Stokes v. Dist. Att'y of Philadelphia*, 247 F.3d 539, 542 (3d Cir. 2001).

The limitations clock in this case started to run on October 10, 2012, and ran for 254 days until Petitioner filed his first Rule 61 motion on June 21, 2013. The Superior Court denied the Rule 61 motion, and the Delaware Supreme Court affirmed that decision on June 4, 2014. Therefore, Petitioner's first Rule 61 motion tolled the limitations period from June 21, 2013 through June 4, 2014.

The limitations clock started to run again on June 5, 2014, and ran the remaining 111 days without interruption until the limitations expired on September 24, 2014. None of Petitioner's other Rule 61 motions statutorily toll the limitations period because he filed all of them after September 24, 2014. Accordingly, the instant Petition is time-barred, unless equitable tolling applies or Petitioner establishes a gateway claim of actual innocence.

## B. Equitable Tolling and Actual Innocence

The one-year limitations period may be tolled for equitable reasons in rare circumstances when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649-50. With respect to the diligence inquiry, equitable tolling is not available where the late filing is due to the petitioner's excusable neglect. *Id.* at 651-52. As for the extraordinary circumstance requirement, "the relevant inquiry is not whether the circumstance alleged to be extraordinary is unique to the petitioner, but how severe an obstacle it creates with respect to meeting AEDPA's one-year deadline." *Pabon v. Mahanoy*, 654 F.3d 385, 401 (3d Cir. 2011). Notably, an extraordinary circumstance will only warrant equitable tolling if there is "a causal

connection, or nexus, between the extraordinary circumstance [] and the petitioner's failure to file a timely federal petition." *Ross v. Varano*, 712 F.3d 784, 803 (3d Cir. 2013).

Additionally, a credible claim of actual innocence may serve as an "equitable exception" that can overcome the bar of AEDPA's one-year limitations period. *See McQuiggin v. Perkins*, 569 U.S 383, 392 (2013); *Wallace*, 2 F.4th at 150-151. A petitioner satisfies the actual innocence exception by (1) presenting new, reliable evidence of his innocence; and (2) showing "by a preponderance of the evidence" that "a reasonable juror would have reasonable doubt about his guilt[] in light of the new evidence." *Wallace*, 2 F.4th at 151.

Petitioner does not assert that any extraordinary circumstance prevented him from timely filing the instant Petition. In fact, Petitioner does not provide any explanation as to why he waited until March 2, 2021 to present his Petition to the Court. To the extent Petitioner's late filing was due to a mistake or miscalculation of the one-year filing period, such a mistake does not warrant equitably tolling the limitations period. *See Taylor v. Carroll*, 2004 WL 1151552, at *5-6 (D. Del. May 14, 2004).

Petitioner does not assert his actual innocence.

Thus, the Court concludes that neither the doctrine of equitable tolling nor the actual innocence exception is available to Petitioner on the facts he has presented.

Accordingly, the Court will grant the State's Motion to Dismiss the instant Petition as time-barred.

## IV.    CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2254 petition must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011); 28 U.S.C. § 2253(c)(2).

7

When a district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court concludes that the instant Petition is time-barred. In the Court's view, reasonable jurists would not find this conclusion to be debatable. Therefore, the Court will not issue a certificate of appealability.

## V. CONCLUSION

For the reasons discussed, the Court will grant the State's Motion to Dismiss and will dismiss the Petition as time-barred.

An appropriate Order will be entered.